UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TERRY PEARSON,

                    Plaintiff,                        **COMPLAINT**

                                                 **JURY TRIAL DEMANDED**

              -against-

CORRECTIONAL OFFICER Dan Porlier,       **9:15-cv-1427 (DNH/DJS)**
CORRECTIONAL OFFICER Mike Brockley
CORRECTIONAL SERGEANT SCARLETTO and
NURSE HOLLY CLAPPER all sued herein in
their capacity as individuals.

                             Defendants
-------------------------------------------------------------X

          Plaintiff Terry Pearson, by his attorney, Fred Lichtmacher of The Law Office of

Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.      This action arises under 42 U.S.C. §1983 and the Eighth and Fourteenth

Amendments to the United States Constitution.  Subject matter jurisdiction is conferred pursuant

to 28 U.S.C. §§ 1331 and 1343 (a)(3 & 4).

      2.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern

District of New York because events forming the basis of the Complaint occurred in that District.

### PARTIES

      3.      At all times relevant, plaintiff Terry Pearson, was an inmate in Great

Meadow Correctional in the State of New York and he is an African-American male.

      4.      Defendants Great Meadow Correctional Facility's correctional officers

1

Dan Porlier, Mike Brockley Sergeant Scarletto and Department of Corrections Nurse, Holly

Clapper, are all sued herein in their capacity as individuals.

      5.    The defendants were at all times relevant state actors acting under color of

law and they are liable for directly participating and/or failing to intervene to prevent the acts

described herein.

      6.    Plaintiff has exhausted his administrative remedies.

**FACTS UNDERLYING**
**PLAINTIFF'S CLAIMS FOR RELIEF**

      7.    On December 5, 2012, Terry Pearson was assaulted by the defendants

correctional officers Dan Porlier, Mike Brockley and Sergeant Scarletto, while incarcerated in

Great Meadow Correctional Facility.

      8.    The incident occurred when Mr. Pearson was headed to the facility's

recreational yard in the evening.

      9.    In order for inmates to get to the yard they have to walk up a flight of stairs

and go through a metal detector.

      10.    As Mr. Pearson walked through the metal detector, the machine reacted

and it rang.

      11.    Mr. Pearson had forgotten to take his watch off.

      12.    Mr. Pearson was taken to the yard frisk area for which the following two

defendant officers were present; defendants Mike Brockley, and Dan Porlier.

      13.    Mr. Pearson was instructed to place his hands up against the wall so he

could be patted down and frisked, an order which Mr. Pearson complied with without argument

or resistence.

14.     During the pat frisk, in front of multiple correctional officers, including a female correctional officer, one of the defendants pulled Mr. Pearson's pants down to his ankle.

15.     Mr. Pearson had on two sweat pants, his outer green pants was pulled down to his ankle.

16.     After searching and finding no contraband, defendants ordered Mr. Pearson to head back to his housing location.

17.     Defendants Brockley and Porlier escorted Mr. Pearson and two other inmates back to their cell block.

18.     On their way there Mr. Pearson talked to defendant Brockley regarding the encounter.

19.     In response, defendant Brockley told Mr. Pearson, to not say another word to him.

20.     Suddenly, and without provocation, or any legal justification or necessity, defendant Brockley started to choke Mr. Pearson.

21.     Defendant Porlier grabbed Mr. Pearson, threw him on the floor, and started to kick and punch him.

22.     Defendants Brockley and Porlier kicked Mr. Pearson in the back and side.

23.     Along with being kicked in the back and side, Mr. Pearson was struck several times in the head and face area, causing multiple abrasions.

24.     Defendants Brockley and Porlier continued to hit him until they placed handcuffs on him.

25.     Defendant Sergeant Scarletto, stopped by the area while the incident was occurring to speak with the defendants.

26.     Defendant Sergeant Scarletto saw the beating but did nothing to stop it from proceeding, instead he walked away without intervening.

27.     Afterwards, defendants Brockley and Porlier continued kicking Mr. Pearson.

28.     The beating stopped when the defendants were relieved by other officers.

29.     Mr. Pearson was escorted to the infirmary where his condition should have been treated with sutures.

30.     Holly Clapper, despite knowing to a moral certainty, Mr. Pearson needed care which was beyond her scope, never admitted him to the hospital despite the multiple injuries incurred, including a serious injury to Mr. Pearson's head and he never received a CAT-scan or other necessary tests to determine the state of his health.

31.     Holly Clapper with Sergeant Scarletto filled out papers approving and causing Mr. Pearson to be sent to S.H.U., while still denying him necessary medical care.

32.     Defendants Porlier and Brockley wrote Mr. Pearson up with false charges alleging misbehavior to coverup the beating.

33.     On January 2, 2013 Mr. Pearson was sent to the upstate box, and while en route, he blacked out due to his head injury.

34.     Mr. Pearson was then taken to the infirmary where he remained for 2-3 days.

35.     At the infirmary a doctor finally treated Mr. Pearson and gave him pain

4

medication.

36.     Subsequently, Mr. Pearson had a Grievance Hearing where an inmate testified on his behalf.

37.     Subsequently, Mr. Pearson was transferred to Five Points Correctional Facility.

38.     As a result of this incident and the defendants denying Mr. Pearson adequate, timely healthcare, Mr. Pearson suffered pain, humiliation, loss of bodily function emotional harms, he has had problems with headaches and blackouts on an ongoing basis and he has suffered other harms, causily connected to the incident.

**FIRST CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT
RIGHTS VIA CRUEL AND UNUSUAL PUNISHMENT
<u>DUE TO THE USE OF EXCESSIVE AND UNREASONABLE FORCE</u>**

39.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

40.     By reason of the forgoing, the individual defendants violated plaintiff's rights under the Eighth Amendment as made applicable to the States via the Fourteenth Amendment to the United States Constitution, via the use of excessive and unreasonable force to a degree which rises to the level of cruel and unusual punishment.

41.     The defendants beat Mr. Pearson unnecessarily and maliciously without need to use any force, much less the excessive, gratuitous force employed.

42.     At no time did any of the individual defendants intervene to prevent or end the misconduct to which Mr. Pearson was being subjected to in their presence, despite having a

5

reasonable opportunity to do so.

43.     The individual defendants' acts and omissions caused plaintiff to sustain physical injuries, including permanent and non-permanent physical injuries and emotional harms, to wit, the fear he would continue to be beaten and otherwise abused and he was otherwise harmed.

44.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory and punitive damages in amounts not to exceed one million dollars and that plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT
RIGHTS VIA CRUEL AND UNUSUAL PUNISHMENT DUE TO
THE DENIAL OF ADEQUATE, TIMELY, MEDICAL CARE**

45.     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

46.     By reason of the forgoing, the individual defendants violated plaintiff's rights under the Eighth Amendment as made applicable to the States via the Fourteenth Amendment to the United States Constitution, via the denial of adequate medical care.

47.     The defendants herein were aware of and were deliberately indifferent to Mr. Pearson's serious need for medical care.

48.     Mr. Pearson's need for sufficient medical care was subjectively obvious to even to those who were not trained healthcare professionals and his serious need for medical attention was patently obvious to the defendant healthcare professional, Holly Clapper, who

6

ignored those needs.

49.     By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory and punitive damages in amounts not to exceed one million dollars and that plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A)     Declaratory relief finding that plaintiff Terry Pearson's rights under the United States Constitution were violated;

(B)     Compensatory damages to be determined at trial not to exceed one million dollars;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount not to exceed one million dollars;

(D)     An award to plaintiff of the costs and disbursements herein;

(E)     An award of attorneys' fees under 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

7

Dated: New York, New York
        December 1, 2015

                                        _____
                                                / s /
                                        FRED LICHTMACHER 513193
                                        The Law Office of Fred Lichtmacher P.C.
                                        Attorney for Plaintiff
                                        2 Wall Street 10th Floor
                                        New York, New York 10o005
                                        Tel. No. (212) 922-9066