UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY PEARSON,

                                                    *Plaintiff*,        **ANSWER**

              -against-                    **Jury Trial Demanded**

CORRECTIONAL OFFICERS DAN PORLIER, MIKE      15-CV-1427
BROCKLEY, SGT SCARLETTO, NURSE CLAPPER,

                                                 *Defendants*.      DNH/DJS

---

       Defendants Porlier, Brockley and Scarletto, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Oriana Carravetta, Assistant Attorney General, of counsel, answer the complaint as follows:

       1.     Deny each and every allegation in which plaintiff expressly or implicitly alleges defendants violated his rights in any way.

       2.     Leave conclusions of law as set forth in paragraphs **1 and 2** of the complaint to the Court and otherwise deny the allegations therein.

       3.     Paragraph **4** of the complaint characterizes the nature in which the defendants have been sued, and, therefore, no response is necessary. To the extent this paragraph contains factual allegations, they are denied.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph **3, 6, 9, 10, 11, 15, 30, 34, 35, 36 and 37** of the complaint.

5.	Deny the allegations contained in paragraph **5, 7, 8, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49** of the complaint.

6.	Deny any allegation of the complaint not specifically responded to above.

### Defenses

1.	The complaint fails to state a claim upon which relief can be granted.

2.	At all relevant times Defendants Porlier, Brockley and Scarletto acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

3.	To the extent plaintiff has raised the issues or allegations of the Complaint in a previous lawsuit, the Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

4.	To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

5.	The complaint is barred by the applicable statute of limitations.

6.	The complaint is barred, in whole or in part, under the Eleventh Amendment.

7.	Defendants Porlier, Brockley and Scarletto are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the complaint should therefore be dismissed.

8.	To the extent that plaintiff has failed to exhaust administrative remedies, his claims are barred.

9. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

10. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

11. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

12. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

13. Defendants Porlier, Brockley and Scarletto hereby demand a trial by jury.

**WHEREFORE**, Defendants Porlier, Brockley and Scarletto respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
      March 24, 2016

                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              Attorney for Defendants Porlier, Brockley and Scarletto
                              The Capitol
                              Albany, New York 12224-0341

                              By: *s/ Oriana Carravetta*
                              Oriana Carravetta
                              Assistant Attorney General, of Counsel
                              Bar Roll No.   519351
                              Telephone:     518-776-2610
                              Email: oriana.carravetta@ag.ny.gov

TO:    Fred B. Lichtmacher, Esq.
        350 Fifth Avenue
        Suite 7116
        New York, NY  10118

        (via CM/ECF and First Class mail)