UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

APR 1 6 2019

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

TERRY PEARSON,

                        *Plaintiff,*

          -against-

M. BROCKLEY,

                           *Defendant.*

STIPULATION OF
DISCONTINUANCE

Docket No.: 15-cv-01427
(DNH/DJS)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff, Terry Pearson DIN #07A0716, and Letitia James, Attorney General of the State of New York, Brian W. Matula, Assistant Attorney General, of counsel, appearing for Defendant Michael Brockley, the Parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the Parties to this case or any other parties:

1.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest, attorney's fees or payment of any monetary amount except for those amounts specifically set forth in Paragraph 5 of this Stipulation and Order of Discontinuance ("Stipulation") under the conditions described in Paragraph 4 of this Stipulation, as against Defendant Michael Brockley and discharges and releases Defendant Michael Brockley, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which

1

relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in Paragraph 10 of this Stipulation. Defendants also agree to not assert claims for costs, expenses and/or attorney's fees or any other claims arising out of this matter and Defendants acknowledge that this Stipulation constitutes the full and final resolution of all matters related to this litigation.

2.      This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3.      The Parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4.      This settlement does not constitute a determination of, or an admission by, any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for or an agreement by the Parties to any generally applicable policy or procedure in the future.

5.      Following the execution of this Stipulation, and its being ordered by the Court, Plaintiff shall be paid the sum of One Hundred and Seventy Thousand Dollars ($170,000.00) in full settlement of any and all claims, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's settlement shall be paid as follows: $85,000 payable to "Terry Pearson"; $85,000 payable to "The Law Office of Fred

2

Lichtmacher, P.C." Plaintiff's check for $85,000 will be mailed to Five Points Correctional Facility, Caller Box 400, State Route 96, Romulus, NY 14541, for deposit in Plaintiff's inmate account, or, in the event Plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed. Plaintiff's attorney's check shall be mailed to The Law Office of Fred Lichtmacher, P.C., Attn: Fred B. Lichtmacher, Esq., 116 W. 23rd Street – Suite 500, New York, New York 10011.

6.      Payment of the amount specified in Paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon Plaintiff and Plaintiff's counsel signing and returning a "Standard Voucher" which will be mailed by agents of the Defendant responsible for the administrative processing of settlement paperwork.

7.      Payment of the amount of $85,000 payable to Fred B. Lichtmacher, Esq. is conditioned upon the delivery of billing records to Defendant's counsel, establishing that his attorney's fees and costs in prosecuting this case met or exceeded the $85,000 payable to him pursuant to this Stipulation.

8.      Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered Stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9.      In the event that the terms of Paragraphs 6 and 7 are satisfied, but payment is not made within the periods set forth in paragraph 8, interest shall begin to accrue on the outstanding

3

principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10.     This Stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the active docket without prejudice.

11.     Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

12.     This Stipulation may be executed in counterparts.

13.     The foregoing constitutes the entire agreement of the Parties.

Dated: April 15, 2019
     Romulus, New York

Terry Pearson  DIN 07A0716
*Plaintiff*
Five Points Correctional Facility
Caller Box 400
State Route 96
Romulus, New York 14541

Dated: April __, 2019
     New York, New York

Fred B. Lichtmacher, Esq.
*Attorney for Plaintiff*
The Law Office of Fred Lichtmacher,
116 W. 23rd Street – Suite 500
New York, New York 10011

Dated: April __, 2019
     Albany, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendant*
The Capitol, Albany, New York 12224-0341

By: _____
     Brian W. Matula
     Assistant Attorney General, Of Counsel
     Bar Roll No. 511717
     (518) 776-2599
     brian.matula@ag.ny.gov

4

principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10. This Stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the active docket without prejudice.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

12. This Stipulation may be executed in counterparts.

13. The foregoing constitutes the entire agreement of the Parties.

Dated: April __, 2019
     Romulus, New York

     _____
     Terry Pearson  DIN 07A0716
     *Plaintiff*
     Five Points Correctional Facility
     Caller Box 400
     State Route 96
     Romulus, New York 14541

Dated: April 15 2019
     New York, New York

     Fred B. Lichtmacher, Esq.
     *Attorney for Plaintiff*
     The Law Office of Fred Lichtmacher,
     116 W. 23rd Street – Suite 500
     New York, New York 10011

Dated: April __, 2019
     Albany, New York

     LETITIA JAMES
     Attorney General of the State of New York
     *Attorney for Defendant*
     The Capitol, Albany, New York 12224-0341

     By: _____
         Brian W. Matula
         Assistant Attorney General, Of Counsel
         Bar Roll No. 511717
         (518) 776-2599
         brian.matula@ag.ny.gov

principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10.     This Stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the active docket without prejudice.

11.     Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

12.     This Stipulation may be executed in counterparts.

13.     The foregoing constitutes the entire agreement of the Parties.

Dated: April __, 2019
    Romulus, New York

               Terry Pearson  DIN 07A0716
               *Plaintiff*
               Five Points Correctional Facility
               Caller Box 400
               State Route 96
               Romulus, New York 14541

Dated: April __, 2019
    New York, New York

               Fred B. Lichtmacher, Esq.
               *Attorney for Plaintiff*
               The Law Office of Fred Lichtmacher,
               116 W. 23rd Street – Suite 500
               New York, New York 10011

Dated: April 15 2019
    Albany, New York

               LETITIA JAMES
               Attorney General of the State of New York
               *Attorney for Defendant*
               The Capitol, Albany, New York 12224-0341

               By: _____
                   Brian W. Matula
               Assistant Attorney General, Of Counsel
               Bar Roll No. 511717
               (518) 776-2599
               brian.matula@ag.ny.gov

**SO ORDERED.**

Dated: April 16, 2019
Utica, New York

HON. DAVID N. HURD
UNITED STATES DISTRICT JUDGE